THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee v. RAMÓN CAMACHO GARCÍA ET AL., Defendants and Appellants.

No. 12620. Argued November 3, 1947.—Decided November 25, 1947.

*A. Quirós Méndez* and *Angel Roberto Díaz* for appellants. *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Act No. 31, Laws of Puerto Rico, 1943, makes it a misdemeanor to violate any regulation or price schedule adopted under the authority of the Emergency Price Control Act of 1942, as amended. The defendants were charged in the municipal court with selling on August 14, 1946, a can of tomato sauce for 10¢, when such a price schedule established a maximum price of 8¢. They were convicted in the municipal court and on appeal in the district court, where each of them was sentenced to three months in jail and to pay a fine of $100.

In their first error the appellants contend that when this sale took place on August 14, 1946, the Emergency Price Control Act of 1942 had expired and that consequently Act No. 31 had also expired.

The Federal Act was in effect from 1942 until June 30, 1947. It was approved originally for one year, but was extended at different times for a year. Historical Note, 50 U.S.C.A. App., § 901. However, unlike the previous extensions, the last extension of 1946—which changed the expiration date of the Act from June 30, 1946 to June 30, 1947—was not made before the previous extension had expired on June 30, 1946. That is to say, for the first time since the Act was originally enacted in 1942, on June 30, 1946 Congress permitted the Act to lapse: the statute extending it from June 30, 1946 to June 30, 1947 was not enacted until July 25, 1946. The Federal Act was therefore not in effect between July 1 and July 25, 1946. *Latoni v. Municipal Court, ante,* p. 130; *People v. Rivera, ante,* p. 175.

Since the Emergency Price Control Act of 1942 expired on June 30, 1946, the appellants argue that the 1946 Federal statute was a new Act and not an extension of the exist-

ing Act; and consequently that Act No. 31 also expired on June 30, 1946, since Act No. 31 provided only that it was a misdemeanor to violate the Emergency Price Control Act of 1942 as amended, and not some other new Act .

This contention is in conflict with the specific language of Congress. Section 1 of the 1946 Federal statute, known as the Price Control Extension Act, 60 Stat. 664, provides that "section 1(b) of the Emergency Price Control Act of 1942, as amended, is amended by striking out 'June 30, 1946', and substituting 'June 30, 1947'."

Section 18, 60 Stat. 664, 678, reads in part as follows:

"(1) The provisions of this Act shall take effect as of June 30, 1946 and (2) all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended . . . and the Stabilization Act of 1942, as amended, which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946 . . . *Provided further,* That no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946, and prior to the date of enactment of this Act shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, or the Stabilization Act of 1942, as amended, or of any regulation, order, price schedule, or requirement under either of such Acts . . ."

It is evident from §§ 1 and 18 that Congress did not intend to pass a new Act as such. Rather it revived the Act of 1942, extending it with some amendments for a year beginning June 30, 1946, to which date the extension Act was made retroactive from July 25, 1946. Both this language and its legislative history make it clear that Congress meant to "insure that the provisions of these acts [the Emergency Price Control Act and the Stabilization Act] will not be considered to have ceased to be in effect on June 30, 1946 . . .". Committee of Conference, House Report, U. S. Code Congressional Service, 79th Congress, Second Session, (1946), pp. 1296, 1297 (matter in brackets ours.)

The defendants, however, argue that Congress had no power to label the new Act as an amendment or continuation

of the old Act. They contend that once an Act expires, it is dead beyond revival and that Congress cannot validly characterize the later Act as an extension of an Act which had already expired. The defendants would therefore have us consider the 1946 statute as a new Act despite the specific language of §§ 1 and 18 to the contrary.

However, even if we are disposed to reject this language of Congress in its own statute, the Federal courts have held the contrary. They have sustained the validity of this Congressional action and have held that there was no break in continuity between the Act of 1942 as amended and the 1946 statute. *Kernsten* v. *United States,* 161 F.(2) 337 (C.C.A. 10th, 1947); *Watts* v. *United States,* 161 F.(2) 511 (C.C.A. 5th, 1947); *Porter* v. *Shibe,* 158 F.(2) 68 (C.C.A. 10th, 1946); *Porter* v. *Merhar,* 160 F.(2) 397 (C.C.A. 6th, 1947). See *Fleming* v. *Rhodes,* 331 U. S. 100, 91 L. ed. 998.[1]

Once we have concluded that the Price Control Extension Act of 1946 was not a new statute, but was an Act extending the 1942 Federal Act as amended, the problem here becomes simple. The defendants argue that the Legislature intended Act. No. 31 to expire on the termination date of the Federal Act as it read in 1943 when Act No. 31 was enacted. But we have already rejected that contention. We said in *Irizarry* v. *District Court,* 64 P.R.R. 90, 100, that Act No. 31 validly incorporated by reference as existing legislation a 1944 Federal statute extending the Emergency Price Control Act of 1942 as amended until June 30, 1945. By the same token, the 1946 Federal statute, extending the 1942 Act once more, likewise served to keep Act No. 31 alive. Consequently, a violation which occurred as here between July 25, 1946 and June 30, 1947 of a price schedule issued pursuant to the

---

[1] Although the cases hold that Congress could validly provide for such continuity by making the 1946 statute retroactive, obviously Congress could not make criminal any action taken during the hiatus of twenty five days while no Federal statute was in effect. However, that twenty-five-day period was covered in Puerto Rico by a different insular Act and an insular Administrative Order issued pursuant thereto. *People* v. *Rivera, supra,* p. 175.

Emergency Price Control Act of 1942 as extended and amended by the Extension Price Control Act of 1946 was a misdemeanor under Act No. 31 which could be prosecuted in the insular courts.

The second error assigned is that the district court erred in weighing the evidence. The defendants are the owners of a store and the clerk who made the sale. The proprietor was not actually present when the sale was made. The evidence presented at the trial was substantially the same as in *People* v. *Díaz, ante,* p. 74. For the reasons stated in that opinion, the testimony was sufficient as to the clerk, but not as to the owner.

The judgment of the district court will be reversed as to the owner of the store and affirmed as to the clerk.